UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                               )
WILLIAM WOOD,                  )
         Petitioner,           )
                               )       Civil Action No.
         v.                    )       15-13081-NMG
                               )
KELLY RYAN,                    )
         Respondent.           )
                               )
```

ORDER

GORTON, J.

For the reasons stated below, the Court (1) denies without prejudice the petitioner's motion for appointment of counsel; and (2) orders the respondent to file a memorandum of law in opposition to the habeas petition.

State inmate William Wood has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he challenges his conviction for murder in the first degree.  At the time he filed his petition, Wood also filed a memorandum of law in support thereof (Docket # 2).  The respondent has filed an answer to the petition (Docket # 18) but has not submitted a memorandum of law in opposition to the petition, nor has the Court yet ordered her to do so.

Wood has moved for appointment of counsel (Docket # 11). The petitioner does not have a constitutional right to counsel in a habeas proceeding.  See Coleman v. Thompson, 501 U.S. 722, 756-57 (1991); United States v. Saccoccia, 564 F.3d 502, 506 n.3 (1st Cir. 2009).  The Court may appoint counsel for an indigent petitioner under the Criminal Justice Act if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2).  In determining

whether the interests of justice require the appointment of
counsel, the Court must examine the totality of the
circumstances, focusing on whether the petitioner has presented a
colorable claim, the complexity of the legal issues, the
intricacy of any factual issues, and the petitioner's ability to
represent himself.  See United States v. Guadalupe-Quinones, 65
Fed. Appx. 329, 333 (1st Cir. 2003); Abdullah v. Norris, 18 F.3d
571, 573 (8th Cir. 1994).  In addition, if the Court decides to
conduct an evidentiary hearing on the petition, the interests of
justice will require appointment of counsel.  See Rule 8(c) of
the Rules Governing Section 2254 Cases.

Because the respondent has not filed a memorandum of law in
opposition to the petition, the Court cannot yet determine
whether the appointment of counsel under the Criminal Justice Act
is merited.  Further, the petitioner has ably set forth his
position in his memorandum of law.

The Court therefore **DENIES** the motion for appointment of
counsel (Docket # 11) without prejudice to renewal after the
respondent has filed a memorandum of law in opposition to the
petition.

The Court orders that the respondent file a memorandum of
law in opposition to the petition **no later than February 5, 2016**.


**So ordered.**

                              /s/ Nathaniel M. Gorton
                             Nathaniel M. Gorton
                             United States District Judge
Dated: 12/4/2015

2