```
                    United States District Court
                       District of Massachusetts
```

|                        |   |                    |
|------------------------|---|--------------------|
| **William Wood**       | ) |                    |
|                        | ) |                    |
|     Petitioner, | ) | |
|                        | ) |                    |
|     v. | ) | |
|                        | ) | Civil Action No.   |
| **Kelly Ryan**         | ) | 15-13081-NMG       |
|                        | ) |                    |
|     Respondent. | ) | |
|                        | ) |                    |

**MEMORANDUM & ORDER**

**GORTON, J.**

William Wood ("Wood" or "petitioner") was convicted of first-degree murder in Massachusetts Superior Court in 2009. He timely appealed that conviction to the Massachusetts Supreme Judicial Court ("SJC"). The appeal consisted of nine claims, including, inter alia, use of perjured testimony, sleeping juror, prosecutor's press release influenced the jury, use of hearsay testimony and an inconsistent verdict. The SJC affirmed Wood's convictions in August, 2014. Commonwealth v. Wood, 469 Mass. 266, 269 (2014). Wood filed this petition for habeas corpus in August, 2015, seeking federal relief from his state court conviction.

**I.   Background**

Wood and co-defendant Quincy Butler ("Butler") were tried and convicted by a jury for the murder of Betsy Tripp. Among

several convictions returned relating to the incident, Wood was convicted of first-degree murder and Butler of second-degree murder.

As a capital offense, Wood's first-degree murder conviction was reviewed by the SJC on direct appeal. See M.G.L. c. 278 § 33E. The SJC issued a decision in Wood's appeal in August, 2014. Wood, 469 Mass. at 266 (2014). Wood then timely filed his petition for writ of habeas corpus, pro se, in this Court in August, 2015.

At trial, Wood and Butler purportedly challenged six peremptory juror strikes made by the government under Batson. See Batson v. Kentucky, 476 U.S. 79, 139 (1986). Wood alleges that the trial judge did not follow the proper procedure for Batson challenges because he did not require the government to provide a neutral explanation for those strikes. Although those claims were properly preserved at trial, Wood did not raise his Batson claims in his appeal before the SJC. Wood, 469 Mass. at 269 (2014).

Because second-degree murder is not a capital offense in Massachusetts, see M.G.L. c. 278 § 33E, Butler's direct appeal followed standard appellate procedure and was decided in November, 2016, more than two years after Wood's appeal was filed. Commonwealth v. Butler, 90 Mass. App. Ct. 599, 599

-2-

(2016).  Butler's appellate brief tracked Wood's brief in large part but included the Batson claims.

The Massachusetts Appeals Court affirmed Butler's conviction but the three-judge panel was split, with each judge writing a separate opinion. Id. at 599, 608, 612.  Judge Rubin criticized the ruling of the Court and opined that Butler was "entitled at least to a remand to the trial court to allow the Commonwealth to explain its challenges." Id. at 617 (Rubin, J., dissenting).  Concurring "with the majority opinion in every respect" but writing to add procedural context, Judge Trainor found it "inexplicabl[e]" that Wood did not include the Batson claims in his appellate brief to the SJC. Id. at 609, 610 (Trainor, J., concurring).

Based on the limited success of his co-defendant, Wood seeks to move for a new trial.  He moves for this Court to stay his petition and hold it in abeyance pending the disposition of his motion for a new trial.  If that motion is successful, his habeas petition would become moot.  If it is unsuccessful, however, he plans to file a motion to amend his habeas petition to include his claims based upon Batson and ineffective assistance of counsel.

**I.   Motion for Stay and Abeyance**

   **A.   Legal Standard**

An individual who petitions for habeas corpus relief is generally required to exhaust all claims in state court before seeking federal relief. Rose v. Lundy, 455 U.S. 509, 518–19 (1982).  When a petition contains a mixture of exhausted and unexhausted claims, however, a court may exercise its discretion to stay the petition and hold it in abeyance until all claims are exhausted. Rhines v. Weber, 544 U.S. 269, 277–78 (2005). For a United States District Court to grant a stay, the petitioner must demonstrate that there was good cause for failing to exhaust state remedies, the claims are potentially meritorious and he is not intentionally engaging in dilatory tactics. Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278).  All three factors must be established to justify a stay of the petition. Rhines, 544 U.S. at 277-78.

When a petition does not present unexhausted claims but a petitioner plans to amend his the petition, it may be treated as analogous to a mixed petition under the Rhines framework. See Lessieur v. Ryan, No. 16-CV-10831, 2016 WL 3561877, at *1 (D. Mass. June 27, 2016)(treating a motion to stay a habeas petition to allow future amendment like a mixed petition); Roman v. Ryan, No. 12-30160-TSH, 2014 WL 5112112, at *2 (D. Mass. Oct. 10,

2014)(recognizing that a petitioner seeking further state review of an otherwise exhausted habeas petition is analogous to a mixed petition).

   **B.   Analysis**

Wood contends that the alleged ineffective assistance of his appellate counsel in failing to raise a Batson claim constitutes good cause that warrants a stay and abeyance. The First Circuit Court of Appeals ("First Circuit") offers "little authority on what constitutes 'good cause' for failing to exhaust state remedies." Watt v. Marchilli, 217 F. Supp. 3d 434, 440 (D. Mass. 2016). Judges in the United States Court for the District of Massachusetts generally have not allowed a stay for ineffective assistance of counsel. See, e.g., id.; Roman v. Ryan, No. 12-30160-TSH, 2014 WL 5112112, at *3 (D. Mass. Oct. 10, 2014); Ortiz v. Brady, 538 F. Supp. 2d 361, 367 (D. Mass. 2008).

Other courts have found that ineffective assistance of counsel may constitute good cause. See Dixon v. Baker, 847 F.3d 714, 721 (9th Cir. 2017)("[I]neffective assistance of post-conviction counsel could constitute good cause for a Rhines stay . . . ."); Blake v. Baker, 745 F.3d 977, 983 (9th Cir. 2014) ("[Ineffective assistance of counsel] by post-conviction counsel can be good cause for a Rhines stay . . . ."). For the purpose of this motion, this Court will presume that a showing of

ineffective assistance of counsel would establish good cause for a stay under Rhines.

Based upon that assumption, the next step is to evaluate whether good cause, that is, ineffective assistance of counsel, exists in this case. To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, the petitioner must show that his representation by counsel 1) "fell below an objective standard of reasonableness" and 2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687–88 (1984). That test is difficult to satisfy because

> [j]udicial scrutiny of counsel's performance must be highly deferential . . . . [and] counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 689–90; see also Knight v. Spencer, 447 F.3d 6, 15 (1st Cir.2006) (noting that petitioner must show that his "counsel's choice was so patently unreasonable that no competent attorney would have made it") (internal citation omitted).

Wood's appellate counsel submitted a 50-page brief to the SJC with arguments developed on nine distinct issues. Counsel did not raise a Batson claim but "[a]ppellate counsel is not required to raise every non-frivolous claim . . . ." See Lattimore v. Dubois, 311 F.3d 46, 57 (1st Cir. 2002)(citing Smith v. Robbins, 528 U.S. 259, 288 (2000)). "Applying a heavy

measure of deference to counsel's judgments" this Court must presume that Wood's counsel made a strategic choice to omit the Batson claim. See Strickland, 466 U.S. at 691.

> Tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance.

See Murchu v. United States, 926 F.2d 50, 58 (1st Cir.1991) (quoting United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir.1983)).

Wood makes colorable contentions that the Batson claim might have been successful in his appeal in light of the opinions generated in Butler, 90 Mass. App. Ct. at 608, 612, but "courts should avoid second-guessing counsel's performance with the use of hindsight." Knight, 447 F.3d at 15 (citing Strickland, 466 U.S. at 689). Furthermore, although Butler's appeal included the Batson claim, his conviction was affirmed. Thus even with the advantage of hindsight it cannot be said that the omission of the Batson claim was "so patently unreasonable that no competent attorney would have made it". See id.

Giving deference to counsel, as this Court must, the decision to omit the Batson claim appears to fall "within the wide range of reasonable professional assistance". See Strickland, 466 U.S. at 691. Accordingly, Wood has not demonstrated that his representation fell below an objective standard of reasonableness and fails to establish the first

prong of Strickland. See id. at 669. Therefore, the Court need not address the second prong.

Because Wood has not met his burden under the first prong of Strickland, he cannot demonstrate ineffective assistance of appellate counsel. Consequently, Wood has failed to show good cause for failure to exhaust his remedies and is not, therefore, entitled to a stay and abeyance.

**ORDER**

For the foregoing reasons, the motion by petitioner William Wood to stay his habeas petition and to hold it in abeyance (Docket No. 54) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton\_\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated August 7, 2017